UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARYL KEITH BURNETT, JR.,

    Plaintiff,

v.

A. KELSEY, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-673-JD-MGG

OPINION AND ORDER

Daryl Keith Burnett, Jr.,, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Burnett alleges that, on August 2, 2017, Officer Kelsey issued a conduct report in which he accused Burnett of impairing surveillance in violation of Indiana Department of Correction Offense 209. On August 17, Lieutenant St. Martin held a disciplinary hearing and found Burnett guilty and did not allow him to present the evidence he requested. As a result of the finding of guilt, Burnett was sanctioned with a loss of thirty days earned time credit and a demotion in credit class. He appealed the outcome of the disciplinary hearing, but Warden Brown and Appeal Review Officer

Lyttle denied his appeals. However, on June 5, 2018, after reconsideration of the appeal, the disciplinary finding was expunged and the sanctions were dismissed.

Burnett asserts a Fourteenth Amendment claim against the defendants for violating his right to procedural due process with respect to the disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. The complaint plausibly suggests that Lieutenant St. Martin denied Burnett of his right to present evidence at the disciplinary hearing and that Warden Brown and Appeal Review Officer Lyttle condoned this procedural violation. Therefore, Burnett may proceed against them. However, there is no indication from the complaint that Officer Kelsey played a role in preventing Burnett from presenting evidence or was otherwise involved in violating Burnett's right to procedural due process.

For these reasons, the court:

(1) GRANTS Daryl Keith Burnett, Jr., leave to proceed on his Fourteenth Amendment claim for money damages against Lieutenant St. Martin, Warden Brown, and Appeal Review Officer Lyttle for violating his right to procedural due process by preventing him from presenting evidence at the disciplinary hearing on August 17, 2017;

(2) DISMISSES Officer Kelsey;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Lieutenant St. Martin, Warden Brown, and Appeal Review Officer Lyttle at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant St. Martin, Warden Brown, and Appeal Review Officer Lyttle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Daryl Keith Burnett, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT