UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARYL KEITH BURNETT, JR.,

Plaintiff,

v.

CAUSE NO. 3:19-CV-673-JD-MGG

KRISTINE ST. MARTIN, et al.,

Defendants.

OPINION AND ORDER

On September 29, 2020, Plaintiff Daryl Keith Burnett, Jr., a prisoner without a lawyer, and Defendants Disciplinary Hearing Officer Kristine St. Martin, Warden Richard Brown, and Appeal Review Officer J. Lyttle, represented by counsel, attended a settlement conference before Magistrate Judge Andrew P. Rodovich. ECF 39. The settlement conference pertained to Burnett's three cases: *Burnett v. Brown*, 3:19-CV-649 (N.D. Ind. filed Aug. 20, 2019); *Burnett v. St. Martin,* 3:19-CV-673 (N.D. Ind. filed Aug. 27, 2019) and *Burnett v. Anton,* 3:19-CV-678 (N.D. Ind. filed Aug. 26, 2019). Because a settlement was not reached at the conference, the parties continued to negotiate and, on January 8, 2021, Burnett filed a motion to settle the case and made a settlement demand. ECF 56. On January 21, 2021, Defendants responded to Burnett with a counteroffer. ECF 81-1 at 1. A week later, on January 28, 2021, Burnett accepted Defendants' counteroffer. ECF 63 at 1, 76-1 at 2. On February 3, 2021, Defendants filed a notice advising the court the parties had reached a settlement agreement, subject to the approval of the Indiana Attorney General and Governor. ECF 64. The next day, on February 4, 2021, the court

entered an order directing Defendants to file dismissal documents by May 4, 2021 and vacated the pending motions. ECF 65. On February 15, 2021, Burnett signed a Release and Settlement Agreement (Agreement), memorializing his acceptance of Defendants' counteroffer, and releasing Defendants from his claims. ECF 81-2 at 1-4.

Almost two months later, on April 9, 2021, Burnett filed two motions asking the court to dismiss or permit him to withdraw the Agreement and set a trial date. ECF 72, 73-1. On April 21, 2021, Burnett filed another motion asking the court to enter judgment on the pleadings or, in the alternative, to issue a ruling on his April 9, 2021, motions. ECF 74. On April 23, 2021, Defendants filed a motion to enforce the Agreement and an amended motion to enforce the Agreement. ECF 75, 76. On May 4, 2021, the court gave Defendants until June 4, 2021, to finalize the settlement in Burnett's three cases. ECF 78, 79. On June 2, 2021, Defendants notified the court that the Indiana Attorney General and Governor had approved the settlement, asked for additional time to file dismissal documents, and filed a fully executed Agreement. ECF 80 at 1, 81-2 at 1-4. On June 14, 2021, Burnett filed another motion asking the court to withdraw the Agreement and set the cases for trial. ECF 82. Defendants' amended motion to enforce the settlement (ECF 76) is now ripe for decision.

Under Indiana law, settlement agreements are "governed by the same general principles of contract law as any other agreement." *Hampton v. ITT Commc'n Sys. Div.*, No. 1:10-cv-291, 2012 WL 2064510, at *3 (N.D. Ind. June 7, 2012) (quoting *Zukerman v. Montgomery*, 945 N.E.2d 813, 819 (Ind. Ct. App. 2011) (noting "[a]ll that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the

promises made, including by whom and to whom; absolute certainty in all terms is not required")). The elements required to form a valid contract in Indiana are "an offer, an acceptance, consideration, and a manifestation of mutual assent." *Id*. (citing *In re Paternity of M.F.*, 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010)). Indiana "strongly favors settlement agreements" and "it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id*. at *4 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

It is also well-established that "[p]ost-acceptance conduct does not retract an earlier acceptance." *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010). Indeed, "[b]uyer's remorse . . . cannot undo a contract to which all parties have given their assent." *Newkirk v. Village of Steger*, 536 F.3d 771, 775 (7th Cir. 2008). Moreover, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986).

In this case, all of the elements required to form a valid contract under Indiana law were met when the parties entered into the Agreement. *See Hampton*, 2012 WL 2064510, at *3 ("an offer, an acceptance, consideration, and a manifestation of mutual assent" are required to form a valid contract). The record shows that, on January 8, 2021, Burnett filed a motion to settle his three cases demanding that Defendants pay him $3,000 for each case. ECF 56. On January 21, 2021, defense counsel responded to Burnett's motion by sending him a letter with a counteroffer to settle all three cases for

3

$1,000. ECF 81-1 at 1. A week later, on January 28, 2021, Burnett wrote a letter to defense counsel in which he accepted the $1,000 counteroffer:

> Hello I am in receipt of your response to plaintiff's settlement demand[] offer of $1,000. Yes, I am in agreement of your offer of $1,000. So it[']s okay to prepare and send the necessary paperwork for my review and signature. And sometimes my physical mail does not make it out [and] disappears. So I'm e-filing a response saying I agree to your offer of $1,000 for case n[umbers] 3:19-cv-649, 3:19-cv-673, [and] 3:19cv-678. In case you do not receive this letter, thank you.

ECF 76-1 at 2. On January 29, 2021, Burnett e-filed a response to Defendants' settlement offer stating he "accepts and agrees to the offer of $1,000" for his three cases. ECF 63-1 at 1. On February 15, 2021, Burnett signed the Agreement, thereby memorializing the parties' mutual assent to settle Burnett's three cases for $1,000 and releasing Defendants from his claims. ECF 81-2 at 1-4. Defendants notified the court, on June 2, 2021, that the Indiana Attorney General and the Governor had approved the settlement in Burnett's three cases. ECF 80 at 1. Given the record, the Agreement constitutes a valid contract under Indiana law.

After the parties entered into the Agreement, Burnett filed four motions asking the court to dismiss or withdraw the Agreement and set a trial date. ECF 72, 73, 74, 82. However, in his motions, Burnett has not explained why he would like the court to dismiss or withdraw the Agreement and he has not alleged the Agreement is in some way invalid or unenforceable. *Id*. Instead, he appears to have simply changed his mind and no longer wishes to be bound by the Agreement. However, changing one's mind does not justify setting aside a contract. *Newkirk*, 536 F.3d at 775. Because there is no

4

basis for the court to grant Burnett's requested relief, Defendants' amended motion to enforce the settlement (ECF 76) will be granted.

As a final matter, Defendants have moved to extend the deadline to file dismissal documents. ECF 80. Good cause having been shown, the motion will be granted.

For these reasons, the court:

(1) GRANTS Defendants' Amended Motion to Enforce Settlement (ECF 76);

(2) GRANTS Defendants' Motion to Extend Dismissal Documents Deadline and ENLARGES the time for Defendants to file dismissal papers to **July 5, 2021** (ECF 80);

(3) DENIES AS MOOT Defendants' Motion to Enforce Settlement (ECF 75);

(4) DENIES Plaintiff's Motion to Dismiss the Release and Settlement Agreement and Any Notice of Tentative Settlement Agreement and for the Court to Set a Date for a Trial by Teleconference or Video (ECF 72);

(5) DENIES Plaintiff's Motion to Receive or be Granted Permission to Withdraw Plaintiff's Release and Settlement Agreement and Pursue and Receive a Trial Date by Teleconference or Video (ECF 73-1);

(6) DENIES Plaintiff's Motion for Judgment of the Pleadings or for the Trial Court to Make a Ruling Granting Plaintiff's Motion to Withdraw His Settlement Agreement and Motion for Permission to Withdraw His Settlement Agreement (ECF 74); and

(7) DENIES Plaintiff's Motion for Judgment on the Pleadings on Motion to Withdraw the Settlement Agreement and Set the Cases for a Trial Date Within Seven Days by Teleconference or Video (ECF 82).

SO ORDERED on June 23, 2021

                                                                  /s/JON E. DEGUILIO  
                                                                  CHIEF JUDGE  
                                                                  UNITED STATES DISTRICT COURT